# IN THE STATE COURT FOR DEKALB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| MICHELLE THOMPSON and<br>LAURA ROSENCRANTZ,<br><br>                 Plaintiffs,<br><br>v<br><br>KLEIN CONTRACTING CORP., and<br>JOSEPH P. TUCCINARDI,<br><br>                 Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO. 20A83659 |

## COMPLAINT

COME NOW Michelle Thompson and Laura Rosencrantz, Plaintiffs, and make and file this complaint against Defendants Klein Contracting Corp. ("Klein Contracting") and Joseph P. Tuccinardi ("Tuccinardi"), and showing this Honorable Court as follows:

1.

This is an action for personal injury damages arising out of a motor vehicle collision that took place on August 1, 2020, on Peachtree Dunwoody Road in Sandy Springs, Fulton County, Georgia.

## PARTIES AND JURISDICTION

2.

Michelle Thompson and Laura Rosencrantz are citizens and residents of the State of Georgia and are subject to the jurisdiction of this court.

3.

Defendant Tuccinardi is an individual who was operating a vehicle in Georgia and was involved in the collision described below. He is a resident citizen of Florida and is subject to the

jurisdiction and venue of this Court. Said Defendant may be served with process at his residence located at 685 11TH ST NW, NAPLES, FL 34120.

4.

Defendant Klein Contracting is a domestic corporation in the State of Georgia. Klein Contracting can be served with process through its agent, Candace Klein, who is located at 4190 PLEASANTDALE RD., DORAVILLE, DEKALB CO., GA, 30340-3156. Once served with process, Defendant Klein Contracting will be subject to the jurisdiction and venue of this Court.

5.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

6.

Defendants are subject to the jurisdiction and venue of this Court.

## FACTS

7.

At approximately 6:57 p.m. on August 1, 2020, Defendant Tuccinardi was operating a commercial vehicle pickup truck heading southbound on Peachtree Dunwoody Road in Sandy Springs, Fulton County, Georgia.

8.

Defendant Tuccinardi then attempted to make a U-turn at the intersection of Peachtree Dunwoody Road and Hammond.

9.

While attempting the U-turn, Defendant Tuccinardi entered the sidewalk and then reentered the roadway.

10.

Upon reentering the roadway, Defendant Tuccinardi accelerated and caused collision with the rear side of Mrs. Thompson's vehicle.

11.

The collision with Defendant Tuccinardi's truck forced Mrs. Thompson into a fence off the roadway.

12.

Mrs. Thompson suffered serious personal injuries and mental and physical pain as a proximate result of the collision described above.

13.

In the moments before the collision, Defendant Tuccinardi was not operating the truck in a reasonable and prudent manner.

14.

In the moments before the collision, Defendant Tuccinardi was operating the truck while under the influence of alcohol.

15.

Defendant Tuccinardi is solely responsible for causing the subject collision.

16.

Mrs. Thompson did not cause or contribute to the subject collision.

17.

Defendant Tuccinardi followed too closely in the moments leading up to the subject collision.

18.

Defendant Tuccinardi drove while under the influence in the moments leading up to the subject collision.

19.

Mrs. Thompson was seriously injured as a proximate result of the subject collision described above.

### CLAIMS
### COUNTS I AND II – NEGLIGENCE AND
### NEGLIGENCE *PER SE* OF DEFENDANT TUCCINARDI

20.

Plaintiffs reallege and incorporate herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

21.

At all times material to this action, Defendant Tuccinardi had a legal duty to adhere to all Georgia traffic laws.

22.

At all times material to this action, Defendant Tuccinardi had a duty to operate his commercial vehicle in a safe and prudent manner.

23.

Defendant Tuccinardi in the operation of the commercial vehicle did the following, among other things:

(a) Failed to keep a proper lookout ahead;

(b) Failed to maintain his lane;

(c) Followed too closely;

(d) Failed to drive at a safe and reasonable speed under the conditions;

(e) Lost control of the commercial vehicle he was operating;

(f) Operated his vehicle while under the influence of alcohol;

(g) Failed to drive defensively; and

(h) Failed to operate the truck in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Mrs. Thompson in particular, in danger.

24.

Defendant Tuccinardi breached his duties and was negligent in at least one or more of the respects described above.

25.

Additionally, Defendant Tuccinardi's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-391 (driving under the influence); O.C.G.A. § 40-6-49 (following too closely); O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence *per se*.

26.

Defendant Tuccinardi was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

27.

As a direct and proximate result of Defendant Tuccinardi's negligence, Mrs. Thompson suffered severe personal injuries.

28.

Defendant Tuccinardi is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

### COUNT III: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT KLEIN CONTRACTING

29.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

30.

At all times material hereto, Defendant Tuccinardi was an employee of Defendant Klein Contracting.

31.

At all times material hereto, Defendant Tuccinardi was an agent of Defendant Klein Contracting.

32.

At all times material hereto, Defendant Tuccinardi was acting within the course and scope of his employment with Defendant Klein Contracting.

33.

At all times material hereto, Defendant Tuccinardi was acting within the course and scope of his agency with Defendant Klein Contracting.

34.

At all times material hereto, Defendant Tuccinardi was operating a commercial vehicle exclusively controlled by Defendant Klein Contracting.

35.

At all times material hereto, Defendant Tuccinardi was operating a commercial vehicle under the motor carrier authority of Defendant Klein Contracting.

36.

At all times material hereto, Defendant Tuccinardi was operating a commercial vehicle in furtherance of the business and financial interests of Defendant Klein Contracting.

37.

Defendant Klein Contracting is liable for the negligent actions and omissions of Defendant Tuccinardi pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

38.

As a direct and proximate result of Defendant Tuccinardi's negligence for which Defendant Klein Contracting is liable, Mrs. Thompson suffered severe personal injuries.

39.

Defendant Klein Contracting is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

**COUNT IV: NEGLIGENCE OF DEFENDANT KLEIN CONTRACTING**

40.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

41.

As an employer, Defendant Klein Contracting had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant Tuccinardi.

42.

Defendant Klein Contracting breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant Tuccinardi.

43.

As direct and proximate result of Defendant Klein Contracting's negligence, Mrs. Thompson suffered severe personal injuries.

44.

Defendant Klein contracting is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs in this case.

## COUNT V: DAMAGES

45.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

46.

As a proximate result of the negligence of Defendants, Plaintiff Michelle Thompson suffered severe physical injuries.

47.

As a proximate result of the negligence of Defendants, Plaintiff Michelle Thompson has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with her normal living, interference with her enjoyment of life, loss of her capacity to labor and earn money, disability, disfigurement, impairment of her body's health and vigor, fear of the extent of her injuries, limitations on her activities, and limitations on her independence.

48.

As a proximate result of the negligence of Defendants, Plaintiff Michelle Thompson has incurred special damages including but not limited to past and future medical expenses and past and future lost income.

49.

Defendants are liable to Plaintiffs for all injuries and damages allowed by law including all past and future damages set forth above.

## COUNT VI: LOSS OF CONSORTIUM

50.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

51.

This Complaint is also brought to recover damages sustained by Plaintiff Laura Rosencrantz due to the loss of consortium of her spouse, Michelle Thompson.

52.

Defendants having been negligent as described above and said negligence having resulted in severe injury to Michelle Thompson, Laura Rosencrantz is entitled to recover of Defendants for her loss of consortium as the legal spouse of Michelle Thompson.

### COUNT VII: PUNITIVE DAMAGES

53.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

54.

The actions of Defendants were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

55.

Accordingly, Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

a) A Trial by a jury;

b) For Summons and Complaint to be issued against Defendants;

c) For judgment be entered in favor of Plaintiffs and against Defendants;

d) For Plaintiffs to recover all past and future special damages in an amount to be proven at trial;

e) For Plaintiffs to recover his general damages in an amount to be proven at trial;

f) For Plaintiffs to recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

g) That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

h) That Plaintiffs recover such other and further relief as is just and proper.

This 30th day of November, 2020.

                                                 **FRIED GOLDBERG LLC**

                                        By: *Briant G. Mildenhall*
                                                **JOSEPH A. FRIED**
                                                Georgia Bar No. 277251
                                                **BRIANT G. MILDENHALL**
                                                Georgia Bar No. 790507
                                                *Attorneys for Plaintiff*

3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
joe@friedgoldberg.com
bmildenhall@friedgoldberg.com

                                            STATE COURT OF
                                            DEKALB COUNTY, GA.
                                            11/30/2020 3:19 PM
                                            E-FILED
                                            BY: Michelle Cheek