**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | 1:21-cv-03730-SDG |
| KLEIN CONTRACTING CORP., | ) | |
| JOSEPH P. TUCCINARDI, | ) | |
| MICHELLE THOMPSON, and | ) | |
| LAURA ROSENCRANTZ, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHELLE THOMPSON'S RESPONSES TO PLAINTIFF
NATIONAL TRUST INSURANCE COMPANY'S FIRST
INTERROGATORIES**

COMES NOW Plaintiff Michelle Thompson, by and through the undersigned counsel, and hereby responds to the Plaintiff National Trust Insurance Company's First Interrogatories as follows:

1.   State your full name, date of birth, present address, and social security number.

**ANSWER: Michelle Turner Thompson; DOB** ⬛⬛⬛⬛⬛⬛

**Terrace, Sandy Springs, GA 30328; 1312 Jefferson Avenue, East Point, GA**

**30344. Plaintiff will provide her Social Security Number off of the public record.**

2.  For each entity by whom you were employed or similarly associated for the 10-year period prior to the subject collision and after the subject collision up to the present time, including self-employment businesses, give the name, trade name, address, telephone number, and type of business of the entity, and the name of that person to whom you were directly responsible; state the relationship (employment or otherwise); and provide the dates over which each employment/association spanned.

<u>**ANSWER:**</u>

- **Atlanta Financial Associates, 5901-B Peachtree Dunwoody Road, Suite 275, Atlanta, GA 30328 (2018-present), Wealth Manager J.D., CFP, CTFA, CDFA. 2020 Salary + bonus + employer contribution $161,290.**

- **IRC Wealth, 3050 Peachtree Road NW, Suite 220, Atlanta, GA 30305 (2017-2018), Wealth Advisor Wealth Manager J.D., CFP, CTFA. Salary + bonus = $100,000 - 130,000. Plaintiff left IRC Wealth to join Atlanta Financial Associates because AFA was a larger firm with more opportunity.**

- **Thompson Legacy Law, 4 Lenox Pointe Rd., Atlanta, GA 30318 (2014-2107), Owner/Trust and Estates Attorney. Plaintiff left the practice of law because she did not enjoy it.**

3. Describe in your own words and in detail how you contend the subject collision occurred, including all material events occurring immediately before and after the subject incident. Your response should include, but not be limited to where you were coming from and your planned destination, when you first saw the vehicle Defendant Tuccinardi was driving, and a description of any evasive action you took to avoid the subject collision.

**ANSWER**: **Defendant objects to Interrogatory No. 3 to the extent it calls for a narrative answer. Subject to and without waiving the forgoing objection, Defendant states that she and her spouse were at Grub Kitchen and Bar located at 11110 Hammond Drive, Ste. 35, Sandy Springs, Georgia, 30328, to pick up food for dinner on the evening of August 2, 2020. Defendant's spouse went into Grub to pick up the food, while Defendant remained parked on the side of the roadway. Without warning, Defendant Tuccinardi's pickup truck slammed into the back of Defendant Thompson's vehicle and pushed her vehicle forward onto the sidewalk, into a light pole and onto the restaurant patio. At the time of the wreck, Defendant Tuccinardi was severely intoxicated and driving**

**recklessly. By way of further response, Defendant refers Plaintiff to the Sandy Springs police incident and motor vehicle accident reports.**

4. State in specific detail the actions you took after the subject collision, from the time of the subject collision until you returned home, including a description of everything you did, everyone with whom you spoke, where you went, and who transported you there.

**ANSWER: Defendant went from the scene of the wreck via ambulance to North Fulton Hospital.**

5. Identify all persons that to your knowledge, information or belief have relevant knowledge concerning the subject collision or the damages you claim in connection with the underlying litigation.

**ANSWER: Defendants, Cherra McGriff (1295 Donnelly Ave SW Apt C1, Atlanta, GA 30310, 301-300-7942), Jacob Volk (15160 Sandpoint Trace, Alpharetta, GA 30004 404-401-4447), and Naeauta Robinson (206-235-1188) were eyewitnesses to the subject incident.**

- **Officer M.E. Brooks**

- **Officer J. Head**

- **Greg Knowlton – Plaintiff's neighbor (404-308-9130)**

- **Julie Andrews – Plaintiff's supervisor at Atlanta Financial (770-261-5380)**

-4-

- **Irene Carpenter – close family friend (404-966-3132)**
- **Defendant Thompson's medical providers listed in her medical records attached hereto.**

6.  Identify all persons who to your knowledge, information or belief have investigated any aspect of the subject collision and indicate whether or not each has made a written record of the investigation or any part thereof.

**ANSWER: Defendant objects to Interrogatory No. 6 to the extent it requests information protected by the work-product doctrine. Subject to and without waiving the foregoing objection, Defendant and her counsel have performed investigations relative to the subject incident. Defendant also refers Plaintiff to the MVA report and Sandy Springs incident reports.**

7.  Please state the content of each and every statement made by Defendant Tuccinardi to you, or in your presence, which you overheard at the scene of this collision, in court or at any other occasion when you have come in contact with Defendant Tuccinardi.  Include with regard to each such statement the party to whom the statement was directed, and the date and time of the statement.

**ANSWER: Defendant observed Defendant Tuccinardi at a court hearing in Sandy Springs Municipal Court in 2021. Defendant Tuccinardi complained of knee pain and asked the judge for more time to defend his case.**

8.    Are you aware of the existence of any written or recorded statement made by

      or for any party or witness to the subject collision, or any transcript of any

      hearing arising out of or related to the subject collision (civil, criminal, or

      traffic court)? If your answer is anything other than an unqualified "no", state

      the name of each person making the statement or transcript, the date of the

      statement or transcript, the identity of the individual recording such statement

      or transcript, and the name and last known address of the person currently or

      last known to be in possession of the original statement or transcript, or any

      copy thereof.

**ANSWER: Defendant refers Plaintiff to her deposition and discovery in the**
**underlying action.**

9.    State and explain each and every fact and identify all documents upon which

      you base your contention that Defendant Tuccinardi operated his vehicle

      under the influence of alcohol at the time of the subject collision, as stated in

      your complaint in the underlying litigation.

**ANSWER: Defendant refers Plaintiff to the Sandy Springs investigative file**
**with supporting documents and video enclosed herewith. Defendant further**
**refers Plaintiff to Defendant Tuccinardi's medical records enclosed herewith.**

10.   State and explain each and every fact and identify all documents upon which

      you base your contention that Defendant Tuccinardi was acting within the

course and scope of his employment and agency with Defendant Klein Contracting at the time of the subject collision, as stated in your complaint in the underlying litigation.

**ANSWER: Defendant objects to Interrogatory No. 10 to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objection, Plaintiff states that Defendant Tuccinardi was driving a KCC vehicle provided by KCC for work and personal use, and Defendant Tuccinardi had KCC work attire in his truck at the time of the wreck. Furthermore, documents produced by Defendant KCC indicate Defendant Tuccinardi had been at a work site the day of the subject incident and had just come from the KCC office.**

11.   State and explain each and every fact and identify all documents upon which you base your contention that you are entitled to an award of punitive damages, as stated in your complaint in the underlying litigation.

**ANSWER: Defendant Tuccinardi was driving under the influence of alcohol when the subject collision occurred. Defendant refers Plaintiff to the Sandy Springs investigative file with supporting documents and video enclosed herewith. Defendant further refers Plaintiff to Defendant Tuccinardi's medical records and criminal records enclosed herewith.**

12.   Do you contend that Defendant Tuccinardi had the permission of Defendant Klein Contracting to use its Ford F150 for the manner or purpose he was

driving it at the time of the subject collision? If so, state and explain each and every fact and identify all documents upon which you base this contention.

**ANSWER: Yes. Candace Klein testified Joe Tuccinardi had permission to use the company pickup for personal errands on weekends. He had the same level of personal vehicle use as Klein's president, CEO, and operations manager. Tuccinardi had permission to use the truck for personal errands, weekend use, and commuting to and from home. Ms. Klein also testified Defendant Tuccinardi had permission to drive his truck for all the purposes for which he drove on the date of the wreck. Moreover, Ms. Klein testified Defendant Tuccinardi was an authorized user of company vehicles at all times leading up to this wreck, and that this permission was never revoked prior to the wreck.**

13.   Identify with reasonable particularity all books, documents, and other tangible things relevant to the issues in this lawsuit or that support your contentions in the underlying litigation that have not already been identified and give the name and address of the person(s) having possession, custody, or control of each thing.

**ANSWER: Defendant objects to interrogatory No. 13 on the grounds it is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to the documents enclosed herewith.**

14.    Have you ever been a party to a lawsuit or other claim for injuries or damages
of any sort within the past ten (10) years?  If your answer is anything other
than an unqualified "no", state the name of the caption of the lawsuit including
the parties and the court in which filed, or the names of the claimants and the
individual or entity against whom the claim was brought, the nature of the
injuries or damages, involved, the date(s) of all such lawsuits or claims, and
the current status of each such lawsuit or claim.

**ANSWER: Defendant was party to an estate life insurance benefits dispute
lawsuit in Alabama in 2015. Defendant was also a party to a lawsuit in Fulton
County (filed in approximately 2007 but litigated through 2013) regarding
emissions from a local factory.**

15.    If you have ever been arrested, charged, cited, convicted, or accused for any
violation of any ordinance, law, and/or other regulation during the past ten
years (or any time period if such arrest, charge, conviction, citation, or
accusation amounted to a felony), for each such arrest, charge, citation, arrest,
conviction, and/or accusation state the charge, jurisdiction, date, and
disposition. This Interrogatory includes, but is not limited to, any and all
traffic violations and/or offenses.

**ANSWER: None.**

16.    Identify any and all known arrests, charges, citations, convictions, or accusations for any violation of any ordinance, law, and/or other regulation against Defendant Tuccinardi during the past ten years (or any time period if such arrest, charge, conviction, citation, or accusation amounted to a felony), including the charge, jurisdiction, date, and disposition. This Interrogatory includes, but is not limited to, any and all traffic violations and/or offenses.

**ANSWER: Defendant Tuccinardi was charged with DUI for this incident and had two subsequent DUIs in Collier County, Florida in 2020.**

17.    Did you consume any alcoholic beverage of any kind, or any sedative, tranquilizer, or other drug, or any narcotic or hallucinogenic drug of any kind or nature during the forty-eight (48) hours immediately preceding the subject collusion?  If your response to this Interrogatory is yes, for each such alcoholic beverage, sedative, tranquilizer, other drug, narcotic or hallucinogenic drug, please state the full identification of each facility that furnished or sold the aforementioned beverage(s) or drug(s); the full identification of each physician that issued the prescription for each aforementioned drug; the exact date, time and amount of each aforementioned drug or beverage that you consumed; the full identification of every individual that witnessed the consumption of each drug or beverage; and fully identify each and every drug or beverage you consumed.

**ANSWER: No.**

18.     Identify all insurance companies providing automobile insurance coverage for you or the vehicle you were occupying at the time of the subject collision and state for each policy of insurance the policy number and applicable liability limits, no fault limits, medical payments limits, uninsured motorist limits, or other limits applicable to any claim made with regard to the subject collision.

**ANSWER: Allstate Property and Casualty Insurance Company, policy no. 815 414 030; $250,000 liability limits; no medical payments coverage; and $50,000.00 UIM limits.**

19.     Identify every payment received by you as payment for all or any part of the claims set forth in the underlying litigation.  Please indicate for each:

(a)     The name and address of the entity that made the payment

(b)     The amount of the payments by each; and

(c)     The claim number, policy number or applicable reference number with regard to each payment.

**ANSWER: Defendant objects to the interrogatory as it calls for information of collateral source payments.**

20.     Identify all accidents, occurrences, or incidents in which you received personal or bodily injuries prior and/or subsequent to the subject collision and

-11-

describe the bodily or personal injuries, if any, which you received in such other accidents or incidents.

**ANSWER: Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to admissible evidence in this declaratory judgment action for insurance coverage.**

21.    State the name and address of each and every physician or healing arts practitioner of any type who has treated or examined you, or with whom you have consulted or conferred, **in the ten (10) years prior to, and since the date of the subject collision**, and for each such physician or healing arts practitioner identified, give the date and place of each examination, treatment or consultation, along with the condition for which you received treatment or examination.  If you were treated for more than one condition by the same physician or healing arts practitioner, list all the conditions for which you were treated. Should you be unable to recall the precise dates and care provided, you may simply provide a list of each medical provider (complete with contact information, i.e., name and address).

**ANSWER: Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to admissible evidence in this declaratory judgment action for insurance coverage.**

22.   Identify the entities, including pharmacies (specifying locations), physician's offices, prescription services, and hospitals from whom you have obtained and/or filled prescription medication during the last five (5) years.

**ANSWER: Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to admissible evidence in this declaratory judgment action for insurance coverage.**

23.   Itemize all special damages which you have incurred (or others have incurred on your behalf) as a result of the subject crash, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of the subject collision.

**ANSWER: Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to admissible evidence in this declaratory judgment action for insurance coverage.**

24.   Describe all expected future medical expenses you contend you will continue to incur as a result of the subject collision.

**ANSWER: Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to admissible evidence in this declaratory judgment action for insurance coverage.**

This 3rd day of May, 2022.

FRIED GOLDBERG LLC

_____

BRIANT G. MILDENHALL
*ATTORNEY FOR THE PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E.
SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:   404-591-1800
FACSIMILE:   404-591-1801
E-MAIL:       BMILDENHALL@FRIEDGOLDBERG.COM

-14-



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE 1:21-cv-03730-SDG |
| KLEIN CONTRACTING CORP., JOSEPH P. TUCCINARDI, MICHELLE THOMPSON, and LAURA ROSENCRANTZ, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY DOCUMENTS

I hereby certify that the foregoing **DEFENDANT MICHELLE THOMPSON'S RESPONSES TO PLAINTIFF NATIONAL TRUST INSURANCE COMPANY'S FIRST INTERROGATORIES** along with a copy of the Certificate of Service was served upon the following attorneys of record electronically and by placing the same in a properly addressed, first-class postage pre-paid envelope in the U.S. Mail, as follows:

Stephanie F. Glickauf
**Goodman McGuffey LLP**
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084

-15-

This 3rd day of May, 2022.

FRIED GOLDBERG LLC

_____
BRIANT G. MILDENHALL
*ATTORNEY FOR THE PLAINTIFF*

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E.
SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:  404-591-1800
FACSIMILE:  404-591-1801
E-MAIL:     BMILDENHALL@FRIEDGOLDBERG.COM

-16-

